UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MICHAEL WHITELAW,

                      Plaintiff,

v.

MARY ANN HAYNES,

                      Defendant.

Civ. No. 10-3418 (DWF/LIB)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Minnesota Correctional Facility in St. Cloud, Minnesota, commenced this action by filing a pleading entitled "Complaint For Rights Violation of Civil Under 42 U.S.C. 1983." (Docket No. 1.) The case has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that this action must be summarily dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff is attempting to sue a former girlfriend, Defendant Mary Ann Haynes. According to the complaint, Defendant stole some of Plaintiff's property after he was taken

---

[1] Plaintiff did not tender the statutory filing fee of $350.00 with his complaint, but he instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application indicates that he might be unable to afford even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Based on the information furnished in the IFP application, the Court finds that Plaintiff has "no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Plaintiff will therefore be excused from paying any initial partial filing fee pursuant to § 1915(b)(1). However, because Petitioner is a "prisoner," (see 28 U.S.C. § 1915A(c)), his complaint must be "screened" pursuant to 28 U.S.C. § 1915A(a) before this action can proceed. The initial screening prescribed by § 1915A is undertaken by the Court at this time.

into custody. Plaintiff alleges that Defendant somehow acquired all of the money he had on deposit in a Wells Fargo bank account; she took $700, (apparently cash that he had left in a shirt pocket); she took some of his clothing; she took possession of his drivers license and his social security card; and she may have set up a telephone service using his name.

Plaintiff further alleges that he recently learned that Defendant may be HIV positive. He claims that Defendant never disclosed that information to him, and he is now concerned that he may have become HIV positive himself as a result of his past sexual relationship with Defendant.

Plaintiff is attempting to sue Defendant for alleged "theft by swindle," and "assault." He is seeking a judgment that would compel Defendant to (a) return all of the property that she allegedly has taken from him, and (b) be "tested for HIV every 90 days for a year" and report the test results to him. (Complaint, [Docket No. 1], p. 4, § V.) However, the Court finds that this action must be summarily dismissed for lack of subject matter jurisdiction.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

Fed. R. Civ. P. 8(a) requires that every complaint filed in federal court must contain "(1) a short and plain statement of the grounds for the court's jurisdiction...." In this case,

2

however, Plaintiff's complaint does not contain any statement showing the existence of federal subject matter jurisdiction. Moreover, after carefully reviewing the file, the Court finds that, in fact, subject matter jurisdiction does not exist here.

The Court initially notes that subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331, because there are no allegations suggesting that Plaintiff's claims are based on the Constitution, laws or treaties of the United States. Instead, it is clear that Plaintiff is attempting to sue Defendant based solely on various state common law tort theories – e.g., conversion, fraud, and assault.[2]

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Here, the complaint plainly shows that both Plaintiff and Defendant are Minnesota residents, so there obviously is no diversity of citizenship in this case.

Thus, the Court concludes that federal subject matter jurisdiction does not exist in this case under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that this action be summarily dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

---

[2] Although the caption of Plaintiff's complaint includes a reference to 42 U.S.C. § 1983, Plaintiff cannot be suing Defendant under that statute. To maintain a § 1983 claim, a complainant must show that the named defendant violated the complainant's federal constitutional rights while the defendant was acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff cannot proceed under § 1983, because (a) there is nothing in the record to suggest that Defendant is an agent or employee of any state, and (b) there is nothing in the record to suggest that Defendant violated Plaintiff's federal constitutional rights.

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will recommend that Plaintiff's IFP application, (see n. 1, supra), be summarily denied. Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350.00 filing fee for this case.[3] To date, he has not paid any of that fee, so the full $350.00 will have to be deducted from Plaintiff's prison trust account, and paid to the Clerk of Court, in the manner prescribed by 28 U.S.C. § 1915(b)(2).

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein, it is --

**RECOMMENDED** that:

1. This action be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction;

2. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

---

[3] Under the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

3. Plaintiff be required to pay the unpaid balance of the statutory filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2).

Dated: September 3, 2010

s/
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by September 17, 2010**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.