# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Whitelaw, | Civil No. 10-3418 (DWF/LIB) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM ADOPTING REPORT AND RECOMMENDATION** |
| Mary Ann Haynes, | |
| Defendant. | |

Michael Whitelaw, *Pro Se*, Plaintiff.

This matter is before the Court upon Plaintiff Michael Whitelaw's ("Plaintiff") objections to Magistrate Judge Leo I. Brisbois' Report and Recommendation dated September 3, 2010, insofar as it recommends that: (1) this action be dismissed pursuant to Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction; (2) Plaintiff's application to proceed *in forma pauperis* be denied; and (3) Plaintiff be required to pay the unpaid balance of the statutory filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2).

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and

precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiff Michael Whitelaw's objections (Doc. No. [6]) and supplemental objections (Doc. No. [7]) to Magistrate Judge Leo I. Brisbois' Report and Recommendation dated September 3, 2010, are **DENIED**.

2. Magistrate Judge Leo I. Brisbois' Report and Recommendation dated September 3, 2010 (Doc. No. [5]), is **ADOPTED**.

4. This action be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction.

5. Plaintiff's application to proceed *in forma pauperis*, (Doc. Nos. [2] and [8]), are **DENIED**.

6. Plaintiff is required to pay the unpaid balance of the statutory filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 3, 2010           s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge

**MEMORANDUM**

The Court would simply, but importantly, observe that if indeed the Plaintiff is proceeding in good faith, he does have a remedy, but it is not in the federal court. There is conciliation court in the State of Minnesota, also known as "small claims court," and there is the state district court. It will be up to the Plaintiff to make that decision. Conciliation court or small claims court is a misnomer to the extent that the limit per claim is a significant amount of money, namely, $15,000.

The federal court is a court of limited jurisdiction. For the reasons stated by the Magistrate Judge, which the undersigned concurs with, the Court does not have federal subject matter jurisdiction under either the federal question statute or the diversity of citizenship statute. The case must therefore be summarily dismissed pursuant to Rule of Civil Procedure 12(h)(3), for lack of subject matter jurisdiction. Finally, pursuant to 28 U.S.C. § 1915(b)(2), the Plaintiff is required to pay the unpaid balance of the statutory filing fee, namely, the full $350.

D.W.F.